JUDGE BRICCETTI

14 CV 7148

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHENOROCK SHORE CLUB, INC.,

        Plaintiff,

-against-

HARTFORD INSURANCE COMPANY OF
THE MIDWEST,

        Defendant.

**COMPLAINT**

CIVIL ACTION NO.



---

Plaintiff, SHENOROCK SHORE CLUB, INC., by its undersigned attorneys, for its Complaint herein, avers:

### NATURE OF THIS ACTION

1. The claim asserted herein arises out of the failure of Defendant insurer to pay the full amount of a claim submitted by Plaintiff insured for losses suffered by Plaintiff as a result of damage to Plaintiff's property on October 29, 2012 as a result of Super Storm Sandy.

### PARTIES

2. Plaintiff is a corporation organized and existing under and pursuant to the laws of the State of New York. Plaintiff is a private club located at Milton Point, Rye, New York in Westchester County.

3. Upon information and belief, defendant HARTFORD INSURANCE COMPANY OF THE MIDWEST is an insurance company organized and existing under and pursuant to the laws of the State of Indiana whose principle offices are located in Hartford, Connecticut.

4. Upon information and belief, Defendant is licensed with the New York State Department of Insurance.

## JURISDICTION AND VENUE

5. Defendant is a participant in the Federal Emergency Management Agency's ("FEMA") "Write Your Own" flood insurance program which program was created pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001, et seq. ("NFIA"). The flood insurance policy that was issued by Defendant to Plaintiff, and which is the subject matter of this action, is a "Standard Flood Insurance Policy," or "SFIP."

6. This Court has original, exclusive jurisdiction over this matter pursuant to Title 42 U.S.C. § 4053 of the NFIA, without regard to the amount in controversy or the citizenship of the parties.

7. Venue in this court is proper pursuant to 42 U.S.C § 4053 and the insurance policy which is the subject matter of this action provide that any action commenced under the NFIA must be commenced in the United States district court for the district in which the insured property is located. The insured property in this action is located within the Southern District of New York.

## FACTUAL AVERMENTS

8. On or about May 2012, Plaintiff purchased Standard Flood Insurance Policy No. 99011111682012 (the "Policy") from Defendant in the amount of $500,000 covering the structure located at Block 1, Lot 9 of Stuyvesant Avenue, Rye, New York, also referred to as the "North Bathhouse."

9. The period of coverage provided by the Policy was from May 4, 2012 through May 4, 2013.

10. On October 29, 2012, the North Bathhouse, as well as other of Plaintiff's properties, was destroyed by flooding caused by Super Storm Sandy.

11. On November 9, 2012 FEMA authorized a process (referred to as a "Rapid Claims Process") whereby claims filed as a result of Super Storm Sandy would be processed and paid on an expedited basis without the necessity to submit a formal proof of loss. Should the insured disagree with the amount of the payment, the insured had the right to seek additional payment pursuant to the terms and conditions of the insured's SFIP.

12. Plaintiff participated in FEMA's Rapid Claims Process and on or about January 10, 2013, submitted an estimate of the costs to rebuild the North Bathhouse of $810,461.

13. By letter dated September 6, 2013, Defendant determined that Plaintiff was only entitled to $131,873.81 on Plaintiff's claim on the grounds that damage to certain property, i.e., decking, was not covered by the Policy.

14. As required by the NFIA and the Policy, Plaintiff filed an appeal of Defendant's rejection of its claims with FEMA's Mitigation Directorate, and submitted to FEMA a proof of loss dated March 12, 2014 which set forth a claim of $350,526.19 in covered damages.

15. By letter dated April 4, 2014, FEMA, having reviewed the March 12, 2014 proof of loss and supporting documentation, requested that Plaintiff continue to cooperate with Defendant and "help bring this matter to an equitable resolution."

16. Thereafter, Plaintiff continued to cooperate with Defendant, including complying with numerous requests by Defendant for additional documentation supporting Plaintiff's claim.

17. By proof of loss dated April 24, 2014, Plaintiff submitted to Defendant a revised proof of loss in the amount of $282,710.19 (the "Claim").

18. By letter dated June 4, 2014, Defendant rejected the Claim on the grounds that Defendant "had not received the necessary documentation to substantiate the amount being claimed."

19. By letter dated June 18, 2014, Plaintiff filed an appeal with FEMA of Defendant's rejection of the Claim.

20. By letter dated August 21, 2014, FEMA stated that "in light of [Plaintiff's] concerns of structural damages and the extensive claim file information, FEMA is requesting that Hartford provide additional review of [Plaintiff's] claim."

21. The Policy and the NFIA each require that any suit to recover additional payments under the Policy must be brought within one year after the date of the initial written denial of all or part of the insured's claim. Plaintiff's claim was denied by a letter issued by Defendant dated September 6, 2013.

22. As of the filing of this Complaint, no part of the Claim has been paid by Defendant.

## AS AND FOR A FIRST CLAIM

### (Breach of Contract)

23. Repeats the averments set forth in Paragraphs 1 through 22 herein.

24. Plaintiff has duly performed its obligations in accordance with the terms and conditions of the Policy.

25. The losses set forth in the Claim were covered losses under the terms of the Policy.

26. Defendant's failure to pay the Claim constitutes a breach of contract by Defendant.

27. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of not less than $282,710.19, no part of which has been paid by Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of not less than $282,710.19, plus interest, attorneys' fees, costs and disbursements, and such other and further relief as the Court deems just and proper.

Dated: September 5, 2014
New York, New York

RUSSO & BURKE

By /s/ Joseph M. Burke
Joseph M. Burke
600 Third Avenue
15th Floor
New York, New York 10016
(212) 557-9600